**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 04-6292**

───────────────

LARRY KEITH EASTER,

                                    Petitioner - Appellant,

        versus

GENE M. JOHNSON, Director of the Virginia
Department of Corrections,

                                    Respondent - Appellee.

───────────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Henry Coke Morgan, Jr., District
Judge.  (CA-00-242)

───────────────

Submitted:  June 18, 2004            Decided:  August 19, 2004

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

───────────────

Larry Keith Easter, Appellant Pro Se. Richard Carson Vorhis, OFFICE
OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for
Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Larry Keith Easter appeals an order of the district court dismissing for lack of jurisdiction Easter's motion to set aside judgment, which was characterized by the district court as a successive 28 U.S.C. § 2254 (2000) petition.

Easter may not appeal from the denial of relief in a § 2254 proceeding unless a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1) (2000). Easter may satisfy this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.) (2001). We have reviewed the record and determine that Easter's motion to set aside judgment is, in substance, a second petition attacking his conviction and sentence under 28 U.S.C. § 2254 (2000). See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). We therefore treat Easter's notice of appeal and appellate brief as a request for authorization from this court to file a second § 2254 petition. See id. at 208.

This court may authorize a second or successive § 2254 petition only if the applicant can show that his claims are based on (1) a new rule of constitutional law, made retroactive to cases

on collateral review by the Supreme Court, that was previously unavailable; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense. See 28 U.S.C. § 2244(b)(2). The applicant bears the burden of making a prima facie showing of these requirements in his application. See In re Fowlkes, 326 F.3d 542, 543 (4th Cir. 2003). In the absence of pre-filing authorization, the district court is without jurisdiction to entertain the successive petition. Evans v. Smith, 220 F.3d 306, 325 (4th Cir. 2000).

After reviewing Easter's motion and the record in this matter, we conclude that it does not meet the applicable standard. We therefore deny Easter's request for a certificate of appealability, deny Easter's implied request for authorization to file a second or successive § 2254 petition, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED